Filed 3/25/22  P. v. Felix CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOVAN FELIX,<br><br>Defendant and Appellant. | C092309<br><br>(Super. Ct. No. 13F07431) |

Defendant Jovan Felix appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95 (statutory section citations that follow are to the Penal Code), enacted as part of Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437).  He argues his conviction for attempted murder as an aider and abettor on a natural and probable consequences theory is eligible for relief under section 1170.95; and, if the conviction is not eligible for relief, then section 1170.95 violates equal protection principles.

1

Following the close of briefing, but before an opinion was issued in this case, the Governor approved Senate Bill No. 775 (Stats. 2021, ch. 551, § 2 (Senate Bill 775)). This legislation, which took effect on January 1, 2022, amends section 1170.95 to permit certain persons convicted of attempted murder to seek relief. (Cal. Const., art. IV, § 8; Sen. Bill 775, Stats. 2021, ch. 551, § 2.) Accordingly, we requested the parties file supplemental briefs addressing the applicability of Senate Bill 775 to this case. We concur with the parties that this matter should be remanded to allow the trial court to conduct further proceedings under the newly amended section 1170.95 after January 1, 2022. Accordingly, we will remand the matter to the trial court for further proceedings.

FACTS AND HISTORY OF THE PROCEEDINGS

As set forth in our partially published opinion upholding defendant's underlying conviction, defendant was convicted by jury of attempted murder (§§ 664, 187), assault with a deadly weapon (§ 245, subd. (a)(1)), and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)). (*People v. Felix* (2019) 41 Cal.App.5th 177, 181 (*Felix*).) The trial court found true the enhancement allegations that defendant had been released from custody when he committed the assault with force count (§ 12022.1), had suffered a prior strike (§§ 667.5, subds. (b)-(i), 1170.12), and had suffered a prior serious felony conviction (§ 667, subd. (a)). (*Felix*, at pp. 181-182.)

The trial court sentenced defendant to an aggregate prison term of 28 years and four months, comprised of: nine years for the attempted murder, doubled to 18 years because of the prior strike; one-third consecutive, doubled to two years for the assault with force count; five years for the prior serious felony enhancement; two years for the released from custody enhancement; and an additional one year, four months for being a felon in possession of a firearm from another case. The court stayed its sentence for the assault with a deadly weapon count pursuant to section 654. (*Felix, supra*, 41 Cal.App.5th at p. 182.)

2

Thereafter, the California Supreme Court denied defendant's petition for review of our decision without prejudice to any relief that might be granted in light of *People v. Lopez*, (2019) 38 Cal.App.5th 1087, review granted November 13, 2019, S258175. (*Felix, supra,* 41 Cal.App.5th at p. 181, review den. Jan. 22, 2020, S259263.) The remittitur issued on February 19, 2020, and the case became final.

In the interim, on July 15, 2019, defendant filed a petition for resentencing under section 1170.95, requesting the court vacate his attempted murder conviction that was procured on a natural and probable consequences theory. The court appointed counsel, and briefing concerning defendant's eligibility and the constitutionality of the enactment ensued.

On June 26, 2020, the trial court denied defendant's petition for relief in a written ruling, which determined his attempted murder conviction was not an offense eligible for review under section 1170.95. Further, because defendant's conviction was not final when Senate Bill 1437 went into effect, defendant was not precluded from seeking relief if the Supreme Court ultimately determined that bill afforded him the right to relief as recognized by the Supreme Court's order denying his petition for review of his original conviction.

## DISCUSSION

"Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842.) The bill also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Id*. at p. 843.)

3

Prior to Senate Bill 775, appellate courts unanimously held section 1170.95 inapplicable to final convictions for attempted murder (see, e.g., *People v. Dennis* (2020) 47 Cal.App.5th 838, 844-847, review granted July 29, 2020, S262184; *People v. Lopez, supra*, 38 Cal.App.5th at pp. 1103-1105, review granted; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754-756, review granted Nov. 26, 2019, S258234). Nonetheless, there was a split of authority regarding whether the amendments of Senate Bill 1437 should apply to nonfinal attempted murder convictions. (See *People v. Love* (2020) 55 Cal.App.5th 273, 278-279 [summarizing the split of authority], review granted Dec. 16, 2020, S265445.)

However, Senate Bill 775 amends subdivision (a) of section 1170.95 to read, in pertinent part: "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts . . . ." (Sen. Bill 775, Stats. 2021, ch. 551, § 2.)

In light of this new legislation, the People concede that under the amended section 1170.95, defendant "may be able to establish a prima facie showing of eligibility." Because the judgment in this case was not final until after the new section 1170.95 took effect, we reverse the order denying defendant's petition and remand the matter to the trial court for further proceedings. (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 973 [because defendant's judgment would not be final until after effective date of relevant Senate Bill, it was appropriate to remand for proceedings after the effective date].)

4

## DISPOSITION

The matter is remanded to the trial court with instructions to conduct further proceedings, consistent with the newly amended section 1170.95.

                                       _____

                                       HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

KRAUSE, J.

5